IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>SOTO MASSINI (USA) CORPORATION, a Delaware corporation; SOTO MASSINI S.R.L.S., an Italian limited company; and THOMAS PICHLER, an individual,<br><br>    Defendants. | C.A. No. 1:18-cv-00462-GMS |

**DEFENDANTS SOTO MASSINI S.R.L.S. AND THOMAS PICHLER'S
MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF
<u>CIVIL PROCEDURE 12(b)(2), 12(b)(5), and 12(b)(6)</u>**

1.    Defendants Soto Massini S.R.L.S. ("Soto SRLS") and Thomas Pichler ("Pichler" and together with Soto SRLS, the "Moving Defendants"), by and through their undersigned counsel, respectfully move the Court to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Plaintiff's claims for lack of personal jurisdiction, as neither has minimum contacts with this forum.

2.    In the alternative, the Moving Defendants request dismissal under Federal Rule of Civil Procedure 12(b)(6). Plaintiff fails to identify any specific facts indicating that either Soto Italy or Pichler is involved with any allegedly infringing conduct in the United States. Further, Plaintiff has not met the exceedingly high burden necessary to pierce the corporate veil to hold Pichler individually liable for the actions of Soto Massini USA Corporation ("Soto USA"), his Delaware corporation. Finally, Plaintiff failed to properly serve Soto Italy.

1

## FACTUAL AND PROCEDURAL BACKGROUND

3.    This Court is familiar with the facts of this case. Soto USA is a "startup" company founded by Pichler that is planning on manufacturing ballet flats with orthotic insoles. Soto USA has campaigns on two different crowdsourcing platforms, Kickstarter and Indiegogo, in order to generate support from small investors, or "backers," who in return for pledged money receive steep discounts *if and when* the products eventually are manufactured and become available for sale. (*See* Pichler Dec. ¶ 4.) While Soto USA is a Delaware corporation and is currently transacting business in the United States, Soto Italy has done no business in the United States (or Delaware), nor does it plan to. Soto Italy has no assets in the United States, conducts no business in the United States or (as yet) anywhere, and is focused solely on the future and the European market. (*See* Pichler Dec. ¶ 5, 6, 7.) Similarly, Mr. Pichler has done no business anywhere as himself, and has no other connections to this Delaware forum sufficient for personal jurisdiction. (*See id.* ¶8.) Plaintiff's amended complaint is filled with unsupported, conclusory statements, and fails to allege any specific facts showing why the Court may properly exercise jurisdiction over Soto Italy or Pichler.

4.    On March 26, 2018, Plaintiff Gavrieli Brands LLC ("Gavrieli") filed a complaint against Defendants, alleging trade dress infringement, design patent infringement, and unfair trade practices (the "Complaint"). On April 4, 2018, this Court issued an order denying Gavrieli's Expedited Motion for a Temporary Restraining Order and preliminary injunction because Gavrieli "failed to meet the test." (*See* D.I. 18.) The Moving Defendants subsequently moved to dismiss the Complaint. (D.I. 23.)

5.    On May 22, 2018, Gavrieli filed its Amended Complaint for Patent Infringement, Trade Dress Infringement, Unfair Competition, and False Advertising (the "Amended

Complaint"). (D.I. 27.) For the following reasons, the Moving Defendants respectfully request that the Court dismiss the Amended Complaint.

## ARGUMENT

### This Court Lacks Personal Jurisdiction Over Soto Italy and Mr. Pichler

6. The Court should dismiss the claims against Moving Defendants for lack of personal jurisdiction because Gavrieli failed to establish that Soto Italy, an Italian corporation, and Pichler, a resident of California, have the requisite minimum contacts with the state of Delaware. This Court has held that a case must be dismissed "when it lacks personal jurisdiction over the defendant." *Nespresso USA, Inc. v. Ethical Coffee Co*. SA, 263 F. Supp. 3d 498, 502 (D. Del. 2017). As the Plaintiff, Gavrieli "bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction." *Telcordia Techs., Inc. v. Alcatel S.A.*, No. CIV.A. 04-874 GMS, 2005 WL 1268061, at *2 (D. Del. May 27, 2005). Personal jurisdiction derives from "two sperate sources: state statutory law and U.S. constitutional due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359–60 (Fed. Cir. 2001). Delaware's long-arm statute is construed broadly and "the focus of the inquiry traditionally rests on the constitutional component." *Nespresso*, 263 F. Supp. 3d at 502.

7. To satisfy the due process requirement, a defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice*." Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This rule is "split into two categories: specific and general jurisdiction." *Nespresso*, 263 F. Supp. 3d at 502. Specific jurisdiction may be asserted over a nonresident defendant only when "the defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*,

Case 1:18-cv-00462-MN Document 29 Filed 06/05/18 Page 4 of 9 PageID #: 817

465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to' those activities.*" Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction occurs when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

8. In the present case, Plaintiff fails to show how Soto Italy satisfies the requirements for either specific or general jurisdiction. Regarding general jurisdiction, Soto Italy is a corporation organized in Italy with its principal place of business in Milan. All of Soto Italy's activities are conducted in Italy, which are nonetheless limited because Soto Italy has yet to transact any business, even in Europe. (*See* Pichler Dec. ¶ 5.) In the Amended Complaint, Gavrieli conclusorily alleges that Soto Italy "regularly and systematically transacted business in this judicial district." (*See* Am. Compl. ¶16.) Yet Gavrieli alleges no facts to support this unsupported (and inaccurate) conclusion. Gavrieli merely relies on conclusory statements and has not met the substantial burden necessary to show that Soto Italy has any contacts with Delaware, yet alone contacts that are so significant that it is "essentially at home" in this forum.

9. Specific jurisdiction is also not present because the Amended Complaint only alleges conclusorily that Soto Italy "placed infringing products into the stream of commerce." (*See id.*) The Complaint does not allege that Soto Italy has put a single product into the stream of commerce in the United States, that Soto Italy also has done any advertising in the United States, or offered any products for sale in the United States. (*See* Pichler Dec. ¶ 7.) The Amended Complaint does not allege, and Gavrieli cannot establish that Soto Italy has any

4

connection to this forum. The only connection Soto Italy has to the United States is its ownership by Mr. Pichler. This alone does not satisfy the requirements for personal jurisdiction, as this Court has noted, "mere ownership of a subsidiary does not justify the imposition of liability on the parent." *Nespresso*, 263 F. Supp. 3d at 504 (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001).)

10. Similarly, this Court also lacks personal jurisdiction over Pichler. Other than incorporating Soto USA in Delaware, Pichler has no continuous or systematic affiliations with the state. Pichler lives in San Diego, operates his business in San Diego, and has not conducted any business, in an individual capacity, in Delaware. (*See* Pichler Dec. ¶ 8.). Pichler has not personally introduced any products, nor has he advertised or planned to introduce any products into Delaware. In fact, Mr. Pichler has never even been to Delaware. Any interaction Mr. Pichler has had with the state of Delaware has been in his capacity as a director of Soto USA. (*See* Pichler Dec. ¶ 9.) Thus, because Gavrieli has not met the burden of showing that Soto Italy and Mr. Pichler have minimum contacts with Delaware, the claims against them should be dismissed for lack of personal jurisdiction.

## Gavrieli Failed to State a Claim Against Soto Italy and Mr. Pichler

11. The Moving Defendants should also be dismissed from this lawsuit because Gavrieli failed to adequately state a claim against either party. A claim must be dismissed unless it contains, "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[t]his standard is satisfied only if the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

5

for the misconduct alleged.'" *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Iqbal* at 678).

12. Holding one corporate entity liable for the actions of a parent or subsidiary is difficult. This Court has held that "parent and subsidiary corporations are separate legal entities." *Crystallex Int'l Corp. v. Petroleos De Venezuela, S.A.*, 879 F.3d 79, 86 (3d Cir. 2018). Piercing the corporate veil is rare and should only "include situations where the subsidiary is a mere 'alter ego' of the parent." *Id.* There are also strong, overarching public policy concerns as "public policy does not lightly disregard the separate legal existence of corporations." *Id.*

13. In the present case, Gavrieli fails to state a claim against Soto Italy because it has not produced any factual evidence connecting Soto Italy to any products sold, manufactured, or marketed in the United States. Applying *Iqbal* and *Twombly,* it is clear that Plaintiff's allegations are too conclusory. The only affiliation Soto Italy has with Soto USA is the name and common ownership. (*See* Pichler Dec. ¶ 10.) Simply alleging that because the two corporations share common ownership does not indicate that Soto Italy is a proper defendant in this lawsuit. As stated above, Soto Italy is a European company that focuses on the European market. It transacts no business in the United States and is not simply an "alter ego" of Soto USA. (*See* Pichler Dec. ¶ 11.) To date, Gavrieli has failed to produce a shred of evidence supporting that Soto Italy has any involvement in the United States. Absent any evidence showing Soto Italy has a presence in the United States, the foreign company should not be held liable for the actions of its domestic affiliate.

14. Gavrieli also fails to state a claim against Pichler because Gavrieli fails to connect Mr. Pilcher to any alleged infringement by Soto USA. There are only a few rare and exceptional circumstances where officers and directors should be held personally liable, one such

circumstance being "when the corporation was an artifice and a sham to execute illegitimate purposes and [an] abuse of the corporate fiction and immunity that it carries." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1521 (3d Cir. 1994), *aff'd*, 514 U.S. 938 (1995). There is no evidence here that Mr. Pichler created Soto USA to "execute illegitimate purposes" and Plaintiffs fail to allege *any* facts that indicate otherwise.

15. Without a showing of an illegitimate purpose, this Court is even more hesitant to disregard corporate formalities, and will not do so "unless specific, unusual circumstances call for an exception." *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967) The factors determining whether the corporate veil should be pierced are:

> failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

*Am. Bell Inc. v. Fed'n of Tel. Workers of Pennsylvania*, 736 F.2d 879, 886 (3d Cir. 1984). None of these factors are present in this case. Indeed, Plaintiff's conclusory statements in its Amended Complaint fail address any of these factors, and thus do not satisfy the *Twombly* and *Iqbal* standard. Pichler followed corporate formalities in order to protect himself personally from liability. (*See* Pichler Dec. ¶ 12.) Holding Pichler liable for any alleged infringement would defeat the entire purpose of creating a corporation. Furthermore, there are no facts to indicate the Pichler siphoned funds, that Soto USA is insolvent, or that the corporation is a "facade." Plaintiff cannot meet the exceedingly high burden to hold a director liable for the actions of a corporation. The Court should dismiss the claims against Pichler.

**Soto Italy Was Not Properly Served**

16. The Court should also dismiss Soto Italy and pursuant to Federal Rules of Civil Procedure 12(b)(5) because Gavrieli failed to properly serve process. Regarding Soto Italy, "the Hague Convention controls when process is served abroad." *Gallagher v. Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1082 (E.D. Pa. 1992). In addition, Fed. R. Civ. P Rule 4(f)(2)(A) requires service is performed "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Italian law requires that service "must be done by a proper judicial officer." *The Knit With v. Knitting Fever, Inc.*, No. CIV. A. 08-4221, 2010 WL 2788203, at *10 (E.D. Pa. July 13, 2010). The use of a "private international courier" is insufficient. *See Id.*

17. In the present case, Gavrieli served Soto Italy through the use of a private international courier. Soto Italy was not served by a proper judicial officer and this alleged service did not satisfy Italian law. (*See* Pichler Dec. ¶ 13.) Thus, since service did not comply with the law of the foreign country, the service should be quashed.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's claims against Soto Italy and Mr. Pichler.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Stephen M. Lobbin<br>stephen@foundationlaw.com<br>Austin J. Richardson<br>austin@foundationlaw.com<br>FOUNDATION LAW GROUP LLP<br>445 South Figueroa Street, Suite 3100<br>Los Angeles, CA 90017<br><br>Dated:  June 5, 2018 | BAYARD, P.A.<br><br>*/s/ Sara E. Bussiere*<br>Stephen B. Brauerman (#4952)<br>Sara E. Bussiere (#5725)<br>600 North King Street, Suite 400<br>Wilmington, DE  19899<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Defendants* |