

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA CM/ECF AND HAND**

January 31, 2019

Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

      Re:   *Gavrieli Brands LLC v. Soto Massini (USA) Corp. et al.*
             Case No. 18-cv-00462-MN (D. Del.)

Dear Judge Noreika,

      Defendant Soto Massini (USA) Corporation ("SM-USA") responds hereby to the discovery letter submitted by Plaintiff. SM-USA would have appreciated more time than one day to respond, but it will supplement its points at the upcoming telephonic hearing.

      Plaintiff claims that SM-USA has taken no action to cure these deficiencies. As Plaintiff has been informed several times, SM-USA is a new, one-person "startup" business. It already has produced additional 296 additional pages of documents, with a total number of 1650 pages of document production. SM USA has also hired an accountant to prepare documents regarding sales, bank records and cost summaries to provide to plaintiff, which should be available soon. This should not be a surprise given the nascent status of SM-USA's business. Concerning the interrogatories, SM-USA has informed Plaintiff of its willingness to extend deadlines for expert reports in order to eliminate any prejudice to Plaintiffs. Nevertheless, as stated previously SM-USA is now in the process of preparing a set of financial documents, and will serve the documents in short order. It also will produce any additional, responsive documents as they become available, pursuant to the requirements of Fed. R. Civ. P. 26(e).

      Plaintiff cites as examples its contention that SM USA "has not produced documents sufficient to determine all sales and revenues for the Accused Products." But SM-USA has produced all it has, including financial information. Any money raised through the Shopify/Crowdcontrol accounts was included within the Indiegogo and Shopify figures which have already been provided to

The Honorable Maryellen Noreika
January 31, 2019
Page 2

Plaintiffs. This is evidenced by the fact that Stephen Gillen appears in the list of Backers previously sent to Plaintiffs. Both "soto-massini-perks.myshopify.com" and "vip-sotomassini.myshopify.com" were designed to fulfil Backer rewards, and therefore were only sent to backers over email and not publicly published online by SM USA. As Plaintiffs and Plaintiff's counsel are aware, SM USA has made efforts to ensure that only Kickstarter and Indiegogo users are able to use the Shopify/Crowdcontrol platform to select their backer rewards. Other members of Plaintiff's counsel have attempted to use the Shopify/Crowdcontrol platform to obtain a backer reward and have had their orders canceled. However, while SM USA advises backers to use the same email address used to register for the crowdfunding campaign so that they can be matched to the Kickstarter and Indiegogo databases, some legitimate backers use a different email for various reasons. These orders then need to be manually inspected to ensure that legitimate backers are not denied their rewards, however, due to human error some orders from non-backers were accidentally fulfilled. However, any money obtained was already reported and produced to Plaintiff's counsel.

Additionally, there are no sales figures for a brick and mortar store in Milan, as there were 100 samples sold for cost, which delivered from Sri Lanka to Italy. Only shoes related to the crowdfunding campaigns have entered the US for quality control purposes. Nonetheless, SM-USA's one employee has performed a detailed review of all of his accessible paper and electronic records, and has sent them to counsel, who has labeled them and produced them to Plaintiff. No documents have been withheld and Plaintiff has sufficient documents to determine the sales and revenues of all products that entered the US.

Plaintiff next claims that SM USA has not provided complete bank records for accounts maintained by SM USA containing funds related to the Accused Products. But SM-USA has provided documents relating to all transactions during the related period. There is no additional information regarding those transactions that is present within a bank statement. Nevertheless, SM USA will produce these statements along with other financial documents as soon as they can be procured from the accountant SM USA hired to prepare a P&L for Plaintiffs.

Plaintiff next claims that SM USA has not provided documents sufficient to determine costs including invoices. SM USA has previously provided a document containing production costs for the accused products. SM USA has a second Cost

The Honorable Maryellen Noreika
January 31, 2019
Page 3

Summary that includes shipping and marketing costs per shoe which has been produced to Plaintiffs this week.

      Plaintiff next claims that SM USA has not provided emails "referring Gavireli or Tieks." But they have searched for and produced everything they have. This is not a sophisticated operation. SM-USA is one man. To be sure, however, counsel is not withholding any documents from SM-USA's production.

      Under Fed. R. Civ. P. 26(b)(1), the scope of discovery is limited by both relevance and proportionality—that is, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." This action involves a one crowdfunding campaign by a startup business which produced no profit; actually, Defendants lost significant money. Plaintiff's discovery efforts in this action passed the "disproportionate" threshold long ago, and this Court should so find and deny Plaintiff's request to compel anything more from Defendants.

      Should your Honor have any questions, we are available at the convenience of the Court to discuss the foregoing.

Respectfully Submitted,

Stamatios Stamoulis (#4606)
of Stamoulis & Weinblatt LLC

cc: All Counsel of Record (via CM/ECF)