IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOTO MASSINI (USA) CORP., a Delaware corporation; SOTO MASSINI S.R.L.S., an Italian limited company; and THOMAS PICHLER, an individual,<br><br>　　　　　Defendants. | Civil Action No. 18-462-MN |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 37(b), plaintiff Gavrieli Brands LLC ("Gavrieli") hereby requests that the Court impose sanctions on Defendants Soto Massini (USA) Corp. and Thomas Pichler. Specifically, due to on-going discovery misconduct, Gavrieli requests that the Court order:

1. That infringement of the patents-in-suit and of Gavrieli's trade dress be deemed established for purposes of this action.

2. That Gavrieli is entitled to an adverse inference jury instruction concerning Defendants' sales information. Specifically, that Gavrieli be entitled to have the following instruction included in the final jury instructions for trial and be permitted to play portions of Soto Massini (USA) Corporation's videotaped 30(b)(6) deposition immediately after this instruction is read to the jury:

> In this case, Gavrieli asked Defendants, Soto Massini (USA) Corp. and Mr. Pichler, for all sales information for the Accused Products, including sales orders that were generated through the Shopify store and any brick-and-mortar stores. Defendants falsely represented to this Court and Gavrieli, on more than one occasion, that these

> documents did not exist, and that the Accused Products had never been sold on Shopify or in any brick-and-mortar stores.
>
> After discovering that these representations were false, the Court ordered Defendants to produce all sales orders for the Accused Products regardless of the sales channel. Although they were legally obligated to obey the Court, Defendants violated it by failing to produce any sales orders for the Accused Products.
>
> You, the jury, may infer that Defendants, Soto Massini (USA) Corp. and Mr. Pichler, violated this Court's order to conceal from Gavrieli the full extent of their patent and trade dress infringement. You may also infer that Defendants did not turn over their sales data to Gavrieli, as they were ordered to, because they believe the actual, complete sales data would have been unfavorable to Defendants. You may also infer that the sales data would have helped Gavrieli prove its case.

3. That Gavrieli be entitled to an adverse jury instruction regarding communications.

Specifically, Gavrieli be entitled to have the following instruction included in the final jury instructions for trial:

> Gavrieli also asked Defendants, Soto Massini (USA) Corp. and Mr. Pichler, for all of the e-mails they received from customers referencing "Tieks" or "Gavrieli." Defendants falsely represented to this Court and Gavrieli that no such documents existed.
>
> After discovering this representation was false, the Court ordered Defendants to produce all of their customer e-mails referencing "Tieks" or "Gavrieli." Although they were legally obligated to obey the Court, Defendants violated the order by failing to produce all of the requested e-mails.
>
> You, the jury, may infer that Defendants, Soto Massini (USA) Corp. and Mr. Pichler, violated this Court's order to conceal from Gavrieli the full extent of their trade dress infringement. You may also infer that these e-mails would have shown that Defendants' customers associate the trade dress with Gavrieli, and that Defendants' use of the trade dress in the Accused Products confused these customers.

- 3 -

Gavrieli also requests that the Court award Gavrieli its attorneys' fees and costs incurred in connection with bringing the instant Motion for sanctions as well as Gavrieli's prior discovery motions (D.I. 29 & 93).

Pursuant to Local Rule 7.1.1, the undersigned states that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the instant Motion, but agreement was not reached.

                Respectfully submitted,

                MORGAN, LEWIS & BOCKIUS LLP

| | |
|---|---|
| | */s/ Amy M. Dudash* |
| Michael J. Lyons (admitted *pro hac vice*) | John V. Gorman (DE Bar No. 6599) |
| Ehsun Forghany (admitted *pro hac vice*) | David W. Marston Jr. (DE Bar No. 3972) |
| 1400 Page Mill Road | Amy M. Dudash (DE Bar No. 5741) |
| Palo Alto, CA 94304 | The Nemours Building |
| Telephone: 1.650.843.4000 | 1007 North Orange Street |
| michael.lyons@morganlewis.com | Suite 501 |
| ehsun.forghany@morganlewis.com | Wilmington, Delaware 19801 |
| | Telephone: 302.574.3000 |
| Sharon R. Smith (admitted *pro hac vice*) | Fax: 302.574.3001 |
| Brett A. Lovejoy, Ph.D (admitted *pro hac vice*) | john.gorman@morganlewis.com |
| One Market, Spear Street Tower | david.marston@morganlewis.com |
| San Francisco, CA 94105 | amy.dudash@morganlewis.com |
| Telephone: 1.415.442.1000 | |
| sharon.smith@morganlewis.com | *Attorneys for Plaintiff Gavrieli Brands, LLC* |
| brett.lovejoy@morganlewis.com | |
| | Dated: March 13, 2019 |