IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>             Plaintiff,<br><br>     v.<br><br>SOTO MASSINI (USA) CORP., a Delaware corporation; and THOMAS PICHLER, an individual,<br><br>             Defendants. | Civil Action No. 18-462-MN |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

AND NOW, this ____ day of _____, 2018, upon consideration of Plaintiff Gavrieli Brands LLC ("Gavrieli")'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b), it is hereby ORDERED that the said motion is GRANTED.

IT IS FURTHER ORDERED that:

1.  Infringement of the patents-in-suit and Gavrieli's trade dress is HEREBY deemed established for purposes of this action.

2.  Gavrieli is entitled to an adverse inference jury instruction concerning the sales documents withheld by Defendants. Specifically, Gavrieli shall be entitled to have the following instruction included in the final jury instructions for trial:

> In this case, Gavrieli asked Defendants, Soto Massini (USA) Corp. and Mr. Pichler, for all sales information for the Accused Products, including sales orders that were generated through the Shopify store and any brick-and-mortar stores. Defendants falsely represented to this Court and Gavrieli, on more than one occasion, that these documents did not exist, and that the Accused Products had never been sold on Shopify or in any brick-and-mortar stores.
>
> After discovering that these representations were false, the Court ordered Defendants to produce all sales orders for the Accused

- 1 -

> Products regardless of the sales channel. Although they were legally obligated to obey the Court, Defendants violated this Court's Order by failing to produce any sales orders for the Accused Products.
>
> You, the jury, may infer that Defendants, Soto Massini (USA) Corp. and Mr. Pichler, violated this Court's order to conceal from Gavrieli the full extent of their patent and trade dress infringement. You may also infer that Defendants did not turn over their sales data to Gavrieli, as they were ordered to, because they believe the actual, complete sales data would have been unfavorable to Defendants. You may also infer that the sales data would have helped Gavrieli prove its case.

3. Immediately following the reading of this jury instruction at trial, Gavrieli shall be permitted to play portions of Soto Massini (USA) Corporation's videotaped 30(b)(6) deposition and identify Defendants' false representations to the jury.

4. Gavrieli shall be entitled to an adverse jury instruction regarding the customer communications that were withheld by Defendants. Specifically, Gavrieli shall be entitled to have the following instruction included in the final jury instructions for trial:

> Gavrieli also asked Defendants, Soto Massini (USA) Corp. and Mr. Pichler, for all of the e-mails they received from customers referencing "Tieks" or "Gavrieli." Defendants falsely represented to this Court and Gavrieli that no such documents existed.
>
> After discovering this representation was false, the Court ordered Defendants to produce all of their customer e-mails referencing "Tieks" or "Gavrieli." Although they were legally obligated to obey the Court, Defendants violated the order by failing to produce all of the requested e-mails.
>
> You, the jury, may infer that Defendants, Soto Massini (USA) Corp. and Mr. Pichler, violated this Court's order to conceal from Gavrieli the full extent of their trade dress infringement. You may also infer that these e-mails would have shown that Defendants' customers associate the trade dress with Gavrieli, and that Defendants' use of the trade dress in the Accused Products confused these customers.

5. Gavrieli is awarded its attorneys' fees and costs incurred in connection with Gavrieli's motion to compel (D.I. 29 & 93) and its Motion for Sanctions. Within ten (10) business

days of the date of this Order, Gavrieli shall submit evidence regarding its attorneys' fees and costs incurred in connection with these discovery motions.

Dated: _____ \_\_\_\_, 2019

                                                              The Honorable Maryellen Noreika
United States District Court Judge