IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-462 (MN) |
| SOTO MASSINI (USA) CORP., a Delaware corporation and THOMAS PICHLER, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**VERDICT FORM**

## INFRINGEMENT OF THE PATENTS-IN-SUIT

**Question #1:** Did Tieks prove by a preponderance of the evidence that the Soto Massini Defendants infringed the patents-in-suit listed below?

|  | Yes<br>(for Tieks) | No<br>(for the Soto Massini Defendants) |
|---|---|---|
| The '035 Patent: | ✓ | |
| The '032 Patent: | ✓ | |
| The '034 Patent: | ✓ | |
| The '927 Patent: | ✓ | |

2

# VALIDITY OF THE PATENTS-IN-SUIT

**Question #3:** Did the Soto Massini Defendants prove by clear and convincing evidence that any of the patents-in-suit are invalidated by the prior art you were instructed to consider?

|  | Yes<br>(for the Soto Massini Defendants) | No<br>(for Tieks) |
|---|---|---|
| The '035 Patent: | _____ | ___✓___ |
| The '032 Patent: | _____ | ___✓___ |
| The '034 Patent: | _____ | ___✓___ |
| The '927 Patent: | _____ | ___✓___ |

## FALSE ADVERTISING

**Question #6:** Did Tieks prove by a preponderance of the evidence that the Soto Massini Defendants are liable for false advertising?

| Yes | No |
| (for Tieks) | (for the Soto Massini Defendants) |
| ✓ | |

*If you answered "Yes" to Question #6, you must answer Question #7. If you answered "No" to Question #6, you should skip this question and proceed to Question #8.*

**Question #7:** Did Tieks prove by a preponderance of the evidence that the Soto Massini Defendants intentionally engaged in false advertising?

| Yes | No |
| (for Tieks) | (for the Soto Massini Defendants) |
| ✓ | |

6

# UNJUST ENRICHMENT

**Question #8:** Did Tieks prove by a preponderance of the evidence that the Soto Massini Defendants have been unjustly enriched?

      Yes                      No
 (for Tieks)        (for the Soto Massini
                                 Defendants)

   ✓ \_\_\_\_\_            \_\_\_\_\_

8

## COMPENSATORY DAMAGES FOR TRADE DRESS, FALSE ADVERTISING, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

*If you answered "Yes" to Question #4 (trade dress infringement) or Question #6 (false advertising liability), you must answer Questions #10 through #12. If you answered "No" to Questions #4 and #6, you should skip these questions and proceed to Question #13.*

**Question #10:** What amount of damages is Tieks entitled to as compensation for loss of goodwill caused by the Soto Massini Defendants' trade dress infringement, false advertising, or unfair competition?

Answer: $ 1,282,000.00/100

**Question #11:** What amount of damages is Tieks entitled to as compensation for corrective advertising required to correct any public confusion caused by the Soto Massini Defendants' trade dress infringement, false advertising, or unfair competition?

Answer: $ 790,000.00/100

**Question #12:** What amount, if any, did the Soto Massini Defendants earn in profits that is attributable to their trade dress infringement, false advertising, or unfair competition?

Answer: $ 880,658.00/100

10

## PUNITIVE DAMAGES

*If you answered "Yes" to Question #5, finding that the Soto Massini Defendants intentionally infringed Tieks's trade dress and violated state unfair competition law, or Question #7, finding that the Soto Massini Defendants intentionally engaged in false advertising and violated state unfair competition law, you must answer Question #14. If you answered "No" to Questions #5 and #7, you should skip this question.*

**Question #14:** What amount of punitive damages, if any, do you award Tieks?

Answer: $ ∅