IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>        v.<br><br>SOTO MASSINI (USA) CORPORATION, a Delaware corporation; and THOMAS PICHLER, an individual,<br><br>    Defendants. | C.A. No. 18-462-MN |

## JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court enters this Judgment. By its verdict, the jury found Defendants Soto Massini (USA) Corporation and Thomas Pichler (collectively, "Defendants") liable for infringement of U.S. Design Patent Nos. D781,035, D781,032, D781,034, and D681,927 (collectively, the "Asserted Patents") owned by Plaintiff Gavrieli Brands LLC ("Tieks"). The jury further found that Defendants' infringement of the Asserted Patents was willful and that the Asserted Patents are not invalid. The jury further found Defendants liable for infringement of Tieks's trade dress consisting of a blue outsole on footwear (the "Asserted Trade Dress") and that Defendants' infringement of the Asserted Trade Dress was intentional. The jury further found Defendants liable for false advertising and that Defendants' engagement in false advertising was intentional. The jury further found Defendants liable for unfair competition and that Defendants were unjustly enriched.

For damages, the jury found that Tieks was entitled to receive the profits earned by Defendants in the amount of $880,658 as compensation for patent infringement and as partial compensation for trade dress infringement, false advertising, or unfair competition. The jury further found that Tieks was entitled to receive $1,282,000 as compensation for loss of goodwill

1

caused by Defendants' trade dress infringement, false advertising, or unfair competition, and that Tieks was also entitled to receive $790,000 as compensation for corrective advertising required to correct any public confusion caused by Defendants' trade dress infringement, false advertising, or unfair competition.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendants infringed each of the Asserted Patents.

2. Defendants' infringement of the Asserted Patents was willful.

3. The Asserted Patents are not invalid.

4. Defendants infringed the Asserted Trade Dress.

5. Defendants' infringement of the Asserted Trade Dress was intentional.

6. Defendants engaged in false advertising.

7. Defendants' engagement in false advertising was intentional.

8. Defendants are liable for unfair competition.

9. Defendants were unjustly enriched.

10. Tieks is hereby awarded compensatory damages against Defendants in the amount of $2,952,658, comprised of the jury awards of (i) $880,658 in profits earned by Defendants as a result of their patent infringement or trade dress infringement, false advertising, or unfair competition or as compensation for Defendants' unjust enrichment; (ii) $1,282,000 as compensation for loss of goodwill caused by Defendants' trade dress infringement, false advertising, or unfair competition; and (iii) $790,000 as compensation for corrective advertising required to correct any public confusion caused by Defendants' trade dress infringement, false advertising, or unfair competition.

11. Tieks is the prevailing party.

12.     Pursuant to 28 U.S.C. § 1961, Tieks is awarded post-judgment interest on all sums awarded herein, at the statutory rate, until the Judgment is satisfied.

13.     Pre-judgment interest, chargeable costs, enhanced damages, attorneys' fees, and any other monetary or equitable relief to which Tieks may seek will be addressed upon Tieks's request.  Judgment will be amended to reflect the Court's award or denial of any such interest, awards, or relief.

**SO ORDERED** this 13th day of May, 2019.

_____
Honorable Maryellen Noreika
United States District Judge