**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>        v.<br><br>SOTO MASSINI (USA) CORPORATION, a Delaware corporation; and THOMAS PICHLER, an individual,<br><br>    Defendants. | C.A. No. 18-462 (MN) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S POST-TRIAL MOTIONS

1.    Defendants Soto Massini (USA) Corporation ("Soto-USA") and Thomas Pichler (collectively "Defendants" or "Soto Massini") submit as follows this Opposition to Plaintiff's Motion requesting a permanent injunction, an "exceptional case" finding and attorney fees, treble damages, and pre-judgment interest. *See* D.I. 152-53.

### Any Injunction Order Must Be Painstakingly Narrow And Specific

2.    If this Court upholds the findings of design patent infringement and/or trade dress infringement, then Defendants would stipulate to a permanent injunction. But any injunction must be very narrowly-tailored to meet the particular reasons and particular accused products justifying the infringement finding(s). *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 2017-2637, at *17 (Fed. Cir. Oct. 26, 2018) (injunctions "limited to these parties and the particular products identified therein (and those not colorably different therefrom)"); *see also Tek Global v.*

*Sealant Sys. Int'l, Inc.*, No. 2017-2507, at *22 (Fed. Cir. Mar. 29, 2019) (permanent injunction cannot "prohibit . . . designing around the [] patent").

3. These important limitations on any permanent injunction are particularly critical here, in the area of women's footwear and even within the "ballet flats" sub-category. As demonstrated throughout this action, there have been hundreds (if not thousands) of different designs and colors of ballet flats since they first became a fashion item over 50 years ago, including many, many prior art designs very close to the patented designs (including Plaintiff's own—nearly identical—prior art design). Thus, any patent and/or trade dress rights must be particularly narrow and limited in scope. *See* D.I. 153 at 22 (Plaintiff admitting the obvious fact, "There are many other ballet flats on the market not covered by [its] design patents and trade dress."). As the Supreme Court has stated, any injunction order must be clear and unambiguous concerning "what the court intends to require and what it meant to forbid." *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S. Ct. 201, 19 L.Ed.2d 236 (1967); *see also Square Liner 360, Inc. v. Chisum*, 691 F.2d 362, 378 (8th Cir. 1982) ("An enjoined party ought not to be compelled to risk a contempt citation unless the proscription is clear.").

4. Plaintiff's Proposed Order requests the following language concerning its proposed injunction against future patent infringement: "[Defendants] . . . are hereby restrained and enjoined . . . from ***infringing, contributing to the infringement, or inducing infringement of any of Gavrieli's Asserted Patents***, including by making, using, offering to sell, selling within the United States, or importing into the United States any of ***the Infringing Products or any other product not more than colorably different therefrom*** with respect to the Asserted Patents or with ***a feature or features not more than colorably different from any of the infringing***

*feature or features* in any of the Infringing Products." *See* D.I. 152-1 at 3 (emphasis added); *see also id.* at 2 (defining "Infringing Products" as "all of the Soto Massini Terzetto Milano ballet flat products") (emphasis added).

5. The proposed patent language includes overbreadth problems. First, although of course an injunction should bar future infringement (including contributory/induced infringement), simply stating "don't infringe" in the injunction order is woefully vague. Second, the included "example" of "the Infringing Products or any other product not more than colorably different therefrom" is helpful, but not sufficient because again, what is "colorably different" is a wide-open question. The same is true concerning the similar language: "a feature or features not more than colorably different from any of the infringing feature or features in any of the Infringing Products."

6. Plaintiff's Proposed Order requests the following language concerning its proposed injunction against future trade dress infringement: "[Defendants] . . . are hereby restrained and enjoined . . . from *infringing, contributing to the infringement, or inducing infringement of Gavrieli's Trade Dress*, including by making, advertising, selling, or offering to sell, both within and outside of the United States, or importing into the United States *any of the Infringing Products*." *See* D.I. 152-1 at 3 (emphasis added); *see id.* at 2 (defining the "Trade Dress" as "consisting of a *blue outsole* on footwear") (emphasis added).

7. The proposed trade dress language also includes overbreadth problems. First, simply stating "don't infringe the 'blue outsole' trade dress" is woefully vague. Second, the included "example" of "any of the Infringing Products" is even more problematic, because "Infringing Products" is defined as "all of the Soto Massini Terzetto Milano ballet flat products."

The problem is that all but a few samples of the accused products have no blue color whatsoever, anywhere on them.

8. In its motion, Plaintiff asserts (without explanation) that "the requested injunction is narrowly tailored to prevent Defendants from selling only those flats *that use Gavrieli's patented designs and trade dress*, not ballet flats altogether." D.I. 153 at 21 (emphasis added). But clearly this is not true, based on the broad, untethered language Plaintiff has proposed.

### No Fee Shifting In Plaintiff's Favor Is Justified

9. Plaintiff's Proposed Order requests fee-shifting "in an amount to be determined though further briefing." *See* D.I. 152-1 at 4. Plaintiff argues that the jury's findings of willfulness and intent justify an "exceptional case" finding, but especially when balanced against Defendants' victory in this action at the preliminary injunction stage, no such exceptionality exists. *See Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 769 (Fed. Cir. 2014) (infringer "had a reasonable belief that its products were non-infringing, based on the . . . denial of [plaintiff's] motion for a preliminary injunction").

10. This Court issued a particularly strong denial of Plaintiff's motion for preliminary injunction, ruling (in part) as follows:

> The court finds that Gavrieli has failed to satisfy *any of the four factors*. As to likelihood of success on the merits, a number of arguments asserted by the defendants raise a substantial question as to invalidity and infringement of Gavrieli's design patents. For instance, in its brief opposing the instant motion, Soto Massini argues that the patents-in-suit fail to satisfy the requisite tests for validity of a design patent . . . . *Soto Massini presented the court with several examples of ballet flats currently on the market to suggest that Gavrieli's designs are not novel* and additionally, that Gavrieli competes in a market where there are "dozens of designs that look far more similar to [Gavrieli's] designs than does [Soto Massini's] design. . . . Soto Massini's assertions are sufficient to raise a substantial question as to invalidity . . . .

D.I. 18 at 2-3 (emphasis added).

4

11. Plaintiff also argues that "Defendants' failure to obtain an opinion of counsel upon receiving notice of their trade dress infringement also supports exceptionality," but the fallacy of this contention is apparent just based on the procedural history of this action. Only in early 2018 did Defendants first learn about Plaintiff's contentions, and Defendants promptly retained counsel. By March 26, 2018, Plaintiff had filed this action along with a motion for preliminary injunction. Therefore, there was no time to obtain a formal, written "opinion of counsel." Rather, Defendants were quickly engaged in litigation and presented their counsel's opinions on non-infringement in the form of the (successful) defense of the preliminary injunction motion and in response to the complaint.

12. In response to Plaintiff's complaints about the conduct of the trial, suffice it to say that Plaintiff's motion is consistent only in its mis-characterization of Defendants' requests (not "demands") and positions and arguments during the course of trial, in a professional manner, with very limited resources to present (as zealously as possible) a defense to Plaintiff's claims.

### No Treble Damages Could Be Justified

13. Plaintiff's Proposed Order requests "enhanced damages of $5,905,316 as an addition to the existing verdict and Judgment." *See* D.I. 152-1 at 4. Plaintiff argues that treble damages are justified because of the jury's findings of intent and an asserted "failure to produce complete and reliable sales records." *See* D.I. 153 at 36 ("Defendants only produced a summary of their Kickstarter sales, and intentionally withheld all of their sales order records from Indiegogo and Shopify . . . .").

14. But even if the finding of intent stands, Plaintiff's request for almost $6,000,000.00 "extra" damages strains the bounds of human decency (the phrase "gilding the lily" comes to mind). Moreover, Plaintiff's premise about discovery is not correct; that is,

5

Defendants did not withhold any documents from discovery but instead produced everything they could possibly produce.  *See* D.I. 115-16.  Plaintiff's speculation and innuendo about supposedly "missing documents" is false.

### The Court Should Decline Any Award Of Pre-Judgment Interest

15. Plaintiff's Proposed Order requests "pre-judgment interest utilizing the prime rate, compounded quarterly, in the amount of $196,414."  *See* D.I. 152-1 at 5 (also requesting "post-judgment interest . . . at $203.61 per day").  Defendants entrust any additional amounts of interest to this Court's sound discretion.

### Conclusion

16. For each of the foregoing reasons, Defendants request respectfully that this Court deny Plaintiff's requested relief, as discussed herein.

    Respectfully submitted,

| | |
|---|---|
| Dated:  July 11, 2019 | **STAMOULIS & WEINBLATT LLC** |
| OF COUNSEL: | */s/ Stamatios Stamoulis* <br> Stamatios Stamoulis (#4606) |
| Stephen M. Lobbin <br> Austin J. Richardson <br> **SML AVVOCATI P.C.** <br> 888 Prospect Street, Suite 200 <br> San Diego, CA 92037 <br> sml@smlavvocati.com <br> ajr@smlavvocati.com | 800 N. West Street, Third Floor <br> Wilmington, DE  19801 <br> 302.999.1540 <br> stamoulis@swdelaw.com <br><br> *Attorneys for Defendants* |