```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4   GAVRIELA BROTHERS LLC,              )   Civil Action
     a California Limited                )
 5   Liability Company,                  )
                                         )
 6              Plaintiff,               )
                                         )
 7        v.                             )
                                         )
 8   SOTO MASSINI (USA) CORPORATION,     )
     a Delaware Corporation, and THOMAS  )
 9   PICHLER, an individual,             )
                                         )
10              Defendants.              )   No. 18-462-MN

11                              - - -

12                       Wilmington, Delaware
                         Monday, April 2, 2018
13                            3:05 p.m.
                         Telephone Conference
14
                                - - -
15
     BEFORE:   HONORABLE GREGORY M. SLEET, Senior Judge, U.S.D.C.,
16                                          District of Delaware

17                              - - -

18   APPEARANCES:

19        AMY M. DUDASH, ESQ.,
          MICHAEL LYONS, ESQ., and
20        EHSUN FORGHANY, ESQ.
          Morgan, Lewis & Bockius LLP
21
                              Counsel for Plaintiff
22

23

24

25
```

```
 1    APPEARANCES CONTINUED:

 2         STEPHEN B. BRAUERMAN, ESQ., and
           SARAH BRUSSIERE, ESQ.
 3         Bayard LP
                -and-
 4         STEPHEN LOBBIN, ESQ.
           SML Avocati, P.C.
 5
                          Counsel for Defendants
 6
                          - - -
 7
```

15:03:22  8    THE COURT: Good afternoon, counsel. Who is on
15:03:24  9  the line for the plaintiff, please?
15:03:27 10    MS. DUDASH: Good afternoon, Your Honor. This
15:03:28 11  is Amy Dudash from Morgan, Lewis and Bockius. With me on
15:03:33 12  the line also for plaintiffs is Michael Lyons.
15:03:37 13    MR. FORGHANY: Also Ehsun Forghany.
15:04:09 14    THE COURT: Thank you.
15:04:14 15    For defendants.
15:04:18 16    MR. BRAUERMAN: Good afternoon. Thank you, Your
15:04:20 17  Honor. Steve Brauerman here from Bayard, and Sarah
15:04:24 18  Brussiere. We are joined by Steve Lobbin from the Avocati
15:04:27 19  Law Group, who, with Your Honor's permission, will address
15:04:29 20  the Court. We have not yet moved Mr. Lobbin's pro hac vice.
15:04:34 21  That is to be served today. I apologize for that, Your
15:04:37 22  Honor. The timing, we just haven't had a chance to complete
15:04:40 23  the certification yet.
15:04:41 24    THE COURT: That is fine. Mr. Brauerman, who
15:04:43 25  was the second lawyer you introduced?

| | | |
|---|---|---|
| 15:04:46 | 1 | **MR. BRAUERMAN:  I mentioned Sarah Brussiere.** |
| 15:05:01 | 2 | **She works for my office.** |
| 15:05:02 | 3 | **THE COURT:  Thank you.  Mr. Lobbin is going to** |
| 15:05:07 | 4 | **handle this for the defense.** |
| 15:05:09 | 5 | **Mr. Lyons, you are going handle this for** |
| 15:05:10 | 6 | **plaintiff?** |
| 15:05:12 | 7 | **MR. LYONS:  That's correct, Your Honor.** |
| 15:05:13 | 8 | **THE COURT:  Counsel, let's go off the record** |
| 15:05:16 | 9 | **right now.** |
| 15:05:17 | 10 | **(Discussion off the record.)** |
| 15:17:44 | 11 | **THE COURT:  At this point, counsel, particularly** |
| 15:17:50 | 12 | **given Mr. Lyons' statement of position or statements of** |
| 15:17:57 | 13 | **plaintiff's position, I am not certain that Mr. Lobbin has** |
| 15:18:02 | 14 | **really been able to, that you have been able to, as you have** |
| 15:18:09 | 15 | **just said, familiarize yourself as completely as you would** |
| 15:18:13 | 16 | **like to with things like the prior art and other things of** |
| 15:18:16 | 17 | **that nature that may help inform a business resolution of** |
| 15:18:23 | 18 | **the matter.** |
| 15:18:26 | 19 | **I am concerned about continuing to enjoin the** |
| 15:18:34 | 20 | **distribution of the funds.  I am also concerned about the** |
| 15:18:38 | 21 | **issue of a bond.  If this is going to -- I am prepared to** |
| 15:18:45 | 22 | **dissolve the TRO and to change this into a preliminary** |
| 15:18:52 | 23 | **injunction and consolidate it for a trial on the merits if** |
| 15:18:56 | 24 | **counsel feels that is do-able by the date that we have** |
| 15:19:02 | 25 | **assigned.  What is it, the 20th?  I think you would be** |

```
15:19:08   1    hard-pressed to get ready by whatever the date is.
15:19:11   2                  What is it?
15:19:15   3                  Counsel, I don't have the date in front of me.
15:19:18   4    When have I scheduled this for a hearing, Mr. Lyons?
15:19:23   5                  MR. LYONS:  Your Honor, it is currently
15:19:29   6    scheduled for April 16.
15:19:30   7                  THE COURT:  That seems pretty aggressive.  I
15:19:32   8    will hear from both of you on that.  Go ahead, Mr. Lyons.
15:19:37   9                  MR. LYONS:  Well, we are prepared to go forward,
15:19:39   10   Your Honor, as we filed for both a TRO and a preliminary
15:19:43   11   injunction in a single paper.  We are prepared to go
15:19:49   12   forward.
15:19:50   13                 This is a design patent, so I think the
15:19:53   14   infringement analysis is based on the ordinary observer
15:19:58   15   test.  I think the images are a lot of what the parties need
15:20:02   16   to focus on and that's readily accessible.  Just from
15:20:07   17   looking at their papers, they have obviously done a lot of
15:20:10   18   homework in this space on what's been going on in this.  So
15:20:16   19   I think they are well on their way in developing their case.
15:20:19   20   I think we can be ready to go.
15:20:22   21                 I think it makes sense to move quickly in this
15:20:25   22   case because, as I said, it's in an unusual posture where
15:20:30   23   somebody has -- there isn't an ongoing business.  They are
15:20:33   24   trying to launch a business on what we believe is an
15:20:38   25   infringing campaign.  So there are some unique features here
```

```
15:20:41   1    to this.  That is why we think it's appropriate to freeze
15:20:45   2    this while the Court gets an opportunity to look at it in
15:20:49   3    detail.
15:20:49   4             THE COURT:  Let me revise what I just said a
15:20:52   5    moment ago.
15:20:53   6             It seems that it would make more sense to
15:20:56   7    contemplate a hearing on the motion for a preliminary
15:21:03   8    injunction on the appointed date rather than a trial on the
15:21:07   9    merits.
15:21:07  10             Mr. Lobbin, what is your view?
15:21:10  11             MR. LOBBIN:  Thank you, Your Honor.
15:21:13  12             Well, a couple things.  I am going to be
15:21:17  13    traveling the 16th.  It is difficult for me for many
15:21:20  14    reasons, not just schedule, but we haven't looked at the
15:21:23  15    prior art.  This is a very important issue.
15:21:26  16             In Footnote 2 of my brief, Page 2 of the brief
15:21:30  17    we filed yesterday, we note that in order to get preliminary
15:21:34  18    relief the plaintiff has the burden to assess validity, and
15:21:38  19    they didn't make any effort to do so.  They just said we
15:21:41  20    don't know of any prior art.
15:21:42  21             We need to dig into that issue, we need to
15:21:46  22    prepare briefs, assessing the merits properly, and we are
15:21:50  23    not going to be prepared to do that in a couple weeks.
15:21:53  24             What I am hearing is that perhaps Your Honor is
15:21:58  25    inclined to keep the TRO in place.  In that circumstance, we
```

```
15:22:01   1    are going to have to have an urgency to get this done sooner
15:22:06   2    rather than later.
15:22:06   3             THE COURT:  I am not inclined to keep the TRO in
15:22:09   4    place.
15:22:11   5             MR. LOBBIN:  Then if we are free to do business,
15:22:14   6    we will make every effort to get in front of you at the
15:22:21   7    earliest practical date, given the briefing that needs to be
15:22:26   8    done, the analysis we need to do, and my schedule, which
15:22:28   9    perhaps could be as early as April 23rd, not the 16th,
15:22:33  10    unfortunately, and get this heard on the preliminary
15:22:37  11    injunction.
15:22:37  12             THE COURT:  Again, let me be clear what I am
15:22:41  13    directing.  That would be not a trial on the merits, but a
15:22:45  14    hearing on the preliminary injunction, what will be perhaps
15:22:51  15    the preliminary injunction.  Both counsel, you understand
15:22:54  16    that.  Right?  I might have said otherwise earlier.
15:23:02  17             MR. LYONS:  It is our understanding it would be
15:23:03  18    a preliminary injunction hearing, Your Honor
15:23:05  19             THE COURT:  Mr. Lobbin, you understand that.
15:23:07  20             MR. LOBBIN:  Yes, Your Honor.  I was just
15:23:08  21    concerned on clarification, looking at what was going to
15:23:14  22    take place in the interim.
15:23:15  23             THE COURT:  Let's talk about that for a moment.
15:23:18  24             As I think you correctly point out, Mr. Lobbin,
15:23:26  25    the TRO, really, and, Mr. Lyons, I think you will concur,
```

```
15:23:33   1    was directed at preventing the transfer of the 694 thousand
15:23:39   2    dollar and change from the kick starter campaign.  It was
15:23:46   3    alleged, there was a concern about it being removed from the
15:23:49   4    control or the Court's jurisdiction.
15:23:51   5               I don't necessarily have that concern anymore,
15:23:55   6    having listened, reviewed defendants' papers and now had
15:24:00   7    both of you on the phone.
15:24:01   8               I am rather inclined to Mr. Lobbin's point of
15:24:05   9    view that I should not be enjoining the transfer of that
15:24:11  10    money.  Mr. Lyons, I will let you go first and I will hear
15:24:19  11    from Mr. Lobbin.
15:24:20  12               MR. LYONS:  Well, Your Honor, one thing we did
15:24:26  13    file just before this hearing is a statement that was posted
15:24:31  14    by the defendant, Mr. Pichler on the kick starter website,
15:24:36  15    where he announces that he doesn't need these funds and that
15:24:40  16    he is fully funded.  I don't think there is any harm to him
15:24:44  17    if these funds are not put into service in the infringement.
15:24:49  18    Our concern remains, this is part of the operations.  It is
15:24:55  19    an Italian corporation.  Mr. Pichler said the businesses
15:24:58  20    that he has run are based in Austria.  His declaration
15:25:02  21    reflects that he is in Austria right now, I think.
15:25:05  22    His stated intention is to put this money into the
15:25:09  23    infringing operation.  It doesn't seem to us -- we are
15:25:13  24    talking about two weeks or three weeks before a preliminary
15:25:16  25    injunction hearing.  According to defendant, he is not going
```

```
15:25:22   1    to be harmed if that money is frozen.  We think that is the
15:25:27   2    appropriate thing to do with it under the circumstances,
15:25:30   3    when it was generated from a campaign that we think we are
15:25:34   4    going to demonstrate was based on infringement, and
15:25:39   5    therefore, that we are entitled to a preliminary injunction.
15:25:45   6    If the TRO is dissolved, it's not clear what effect the
15:25:50   7    injunction would be able to have at that point.
15:25:54   8                    THE COURT:  Mr. Lobbin.
15:25:55   9                    MR. LOBBIN:  Your Honor, respectfully, the
15:26:01  10    Court's exercise of the TRO power is based on irreparable
15:26:06  11    harm to plaintiff, not whether we would be harmed.  I don't
15:26:09  12    know what statement he is talking about, frankly.  I don't
15:26:11  13    know that it's actually been authenticated or what it is.
15:26:15  14    It sounds like it's some post online supposedly by my client
15:26:19  15    saying he has got plenty of money.  So that doesn't
15:26:24  16    necessarily mean that he doesn't need his investment capital
15:26:27  17    to move forward.
15:26:28  18                    I think the status quo has to be maintained,
15:26:31  19    which is we go with the lawsuit that is filed, we are out
15:26:36  20    there competing.  If they can prove they deserve a
15:26:40  21    preliminary injunction, I assume the preliminary injunction
15:26:41  22    would be along the lines of defendants may not use
15:26:44  23    infringing designs, not that defendants may not use
15:26:50  24    investment capital for otherwise lawful business purposes.
15:26:53  25                    I don't think that it would be appropriate to
```

```
15:26:59   1    force the defendants just to sit still for three, four weeks
15:27:02   2    or a month until we resolve the preliminary injunction
15:27:06   3    issue.  Obviously, our position is as you initially
15:27:12   4    explained it, the TRO would go away, we set a course for a
15:27:16   5    preliminary injunction hearing and get that done.
15:27:18   6                THE COURT:  Counsel, hold on just a second.
15:27:21   7                (Pause.)
15:28:13   8                THE COURT:  Counsel, I am going to take my foot
15:28:21   9    off the accelerator on this case, perhaps what plaintiff
15:28:28  10    will view in a profound way.  But not only am I going to
15:28:33  11    dissolve the TRO, I don't see the basis for any contention
15:28:37  12    at this point -- you can contend what you want to contend,
15:28:41  13    finding that the harm that's been alleged here is
15:28:44  14    irreparable -- I am not going to enjoin legitimate
15:28:48  15    competition, in spite of what counsel for plaintiff says is
15:28:53  16    illegitimate.  I am not prepared to draw that conclusion at
15:28:58  17    this point, just based upon what I have seen in the papers.
15:29:02  18                So we are going to dial things way back, as it
15:29:07  19    were.  I am going to take the hearing off the schedule as
15:29:11  20    well.  And we are going to put this on track for assignment
15:29:16  21    to -- it will be a different judge.  As you may know, I am
15:29:21  22    going to be leaving the Bench, or I may keep the assignment
15:29:24  23    and manage the case to a point at which time it will be
15:29:29  24    reassigned to a judge for trial.  But that's yet to be
15:29:33  25    determined.  We are going to put it on the wheel and see
```

```
15:29:36   1   where it lands.
15:29:38   2               That's the Court's ruling.
15:29:41   3               No, I am not going to require a bond.  There is
15:29:43   4   no need to require a bond, because I am reversing myself on
15:29:47   5   the grant of the injunctive relief.
15:29:48   6               Anything else, counsel?
15:29:55   7               MR. LOBBIN:  Thank you, Your Honor.
15:29:57   8               MR. LYONS:  I understand, Your Honor.  Thank
15:30:00   9   you, likewise.
15:30:00  10               THE COURT:  All right.  Take care, counsel.
          11               (Matter adjourned at 3:28 p.m.)
          12                         -  -  -
          13   Reporter:  Kevin J. Maurer
```