**STAMOULIS & WEINBLATT LLC**
*Intellectual Property & Delaware Corporate Law*

**VIA CM/ECF & HAND DELIVERY**

Stamatios Stamoulis
stamoulis@swdelaw.com

September 26, 2019

The Hon. Maryellen Noreika
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

Re: **Gavrieli Brands LLC v. Soto Massini (USA) Corp. et al (18-cv-462)**

Dear Judge Noreika:

We are counsel for Defendants' in the above-referenced action, *Gavrieli Brands v. Soto Massini et al.*, Case No 18-462. As the Court is aware, the case was tried to verdict in April/May 2019, and there are now post-judgment motions pending. The parties recently met and conferred concerning Plaintiff's service of several requests for post-judgment discovery, including interrogatories, document requests, and depositions. In response, Defendants requested a stipulated stay of any discovery until all post-judgment motions were decided, but Plaintiff refused the proposed stay agreement.[1]

    The purpose of this letter is to bring to the Court's attention this discovery dispute. Although we were trial counsel for Defendants, and we are representing Defendants on the pending post-judgment motions, we have no agreement with our clients to serve as counsel to a judgment-debtor in a collection proceeding. As discussed before in open Court, our clients have not paid us since 2018, and may never pay us for our trial and post-judgment work. Because we are not in regular communication with our clients due to the breakdown in their financial condition, we do not believe we can fulfil our obligations under the Federal Rules to ensure that their discovery responses are complete and accurate.

    Rather than being put in a situation where we submit insufficient discovery responses on behalf of client that we no longer communicate with, we would ask to be withdrawn as counsel of record. That would leave the Court in the position of dealing with a *pro se* defendant for the already pending post-trial motions. We would prefer to avoid inflicting such an additional burden on the Court and will agree to remain as counsel of record in this matter through the post-trial briefing, so long as we do not have to insure our clients' compliance with its discovery obligations under the Federal Rules.

---

[1] Because this dispute concerns Plaintiff's efforts to compel post judgment discovery and Defendants' efforts to stay that discovery, it was not immediately clear if the party responsible for the "opening" letter regarding this dispute was Plaintiff or Defendants. Having not seen a letter from Plaintiff yesterday, Defendants believe that there may be a misunderstanding on this issue and do not object if Plaintiff takes an additional day to respond to this letter.

The Honorable Maryellen Noreika
September 26, 2019
Page 2

                                      Respectfully Submitted,

                                      Stamatios Stamoulis (#4606)
                                      of Stamoulis & Weinblatt LLC

cc: All Counsel of Record (via CM/ECF)