# Morgan Lewis

September 26, 2019

Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

Re: *Gavrieli Brands LLC v. Soto Massini Corp*., No. 18-cv-00462-MN (D. Del.)

Dear Judge Noreika,

Pursuant to Your Honor's August 26, 2019 Order (D.I. 164), Plaintiff Gavrieli Brands LLC ("Gavrieli") submits this letter regarding its outstanding post-judgment discovery requests served upon Defendants Soto Massini (USA) Corp. and Thomas Pichler (collectively, "Defendants").

On May 3, 2019, this Court entered Judgment against Defendants in the amount of $2,952,658. D.I. 149. Pursuant to Fed. R. Civ. P. 69(a)(2), on August 9, 2019, Gavrieli served Post-Judgment Interrogatories, Post-Judgment Requests for Production to Defendants as well as a Notice of Deposition of Thomas Pichler (collectively, the "Post-Judgment Discovery"), attached hereto as Exhibits A-C. Defendants' deadline to respond passed on September 9, 2019, and Defendants served no answers, objections, responses, or documents. Nor did Defendants produce any witness for the noticed deposition. Instead, counsel for Defendants requested a stay of the Post-Judgment Discovery pending resolution of their JMOL motion. Exhibit D at 3. Gavrieli's counsel declined that request due to information provided by Defendants' counsel indicating that Defendants were taking steps to evade execution of the Judgment. *Id*. Defendants' counsel then declared the parties were at an impasse. *Id*.

During a subsequent telephonic meet and confer, counsel for Defendants indicated that Defendants would seek a protective order and requested that the parties' counsel jointly call the Court to request a discovery dispute teleconference per the Court's procedures. Accordingly, this Court entered an Order directing the moving party—in this instance, Defendants—to file an opening letter on September 25, 2019, and scheduled a telephone conference for October 2, 2019. D.I. 164.

Earlier today, counsel for Defendants filed an untimely letter confirming that the Post-Judgment Discovery should proceed expeditiously. D.I. 166. Defendants' counsel stated that Defendants "have not paid [Defendants' counsel] since 2018, and may never pay [them] for [their] trial and post-judgment work," and "are not in regular communication" with their counsel. *Id*. They also refer to a "breakdown in [Defendants'] financial condition." *Id*. In addition to the statements in their letter, Defendants' counsel responded to the discovery service email by indicating that "for many reasons, Thomas no longer resides in the US," as Mr. Pichler has "moved in with his wife's family in Colombia because he had no funds left." Exhibit D at 5, 3. Notably, at trial Mr. Pichler testified that a judgment of "hundreds of thousands of dollars or millions of dollars" would cause him to "file personal bankruptcy." Exhibit E (Trial Tr. at 932:15-21).

These statements underscore the importance of the Post-Judgment Discovery. Defendants' counsel's representations confirm that Gavrieli's ability to collect the millions of dollars to which

1

the jury found it is entitled is at risk and suggest that Defendants are seeking to evade the Judgment. Indeed, Defendants' counsel have offered no assurances, either through correspondence with Gavrieli's counsel or in their letter brief, that Mr. Pichler is not hiding his assets. In light of these developments, Defendants should be compelled to promptly respond to this discovery to protect Gavrieli's ability to execute on the Judgment.

Notably, Mr. Pichler's post-judgment conduct is inconsistent with the representations he made to this Court during the preliminary injunction proceedings. At that time, Mr. Pichler represented that he was not "scheming to flee the United States" but that he had a "home, a wife, and two children in school in San Diego, and own[ed] a Delaware corporation." D.I. 12 at 2, n.1 ("Plaintiff['s] assertions . . . that Mr. Pichler is scheming to flee the United . . . could [not] be further from the truth"). Judge Sleet determined that these representations addressed Gavrieli's "concern about [Defendants' funds] being removed from the control of the Court's jurisdiction." *See* Exhibit F at 6:23-7:10 (April 2, 2018 Tr. of Telephone Conf. re Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction); *see also* D.I. 18 at 3, n.1 (Order denying Plaintiff's Motion in part because "appropriate money damages can be awarded if Gavrieli succeeds at trial").

Gavrieli's initial concerns have now been confirmed. Now that Judgment has been entered, Mr. Pichler moved to Colombia, is "no longer in regular contact with" his attorneys, suffered a "breakdown in [his] financial condition," and has entirely ignored the Post-Judgment Discovery sought by Gavrieli. Exhibit D at 3; D.I. 166.

Defendants' counsel argue they cannot "fulfil [their] obligations under the Federal Rules to ensure that [Defendants'] discovery responses are complete and accurate" because of lack of contact with their clients and their clients' supposedly deteriorating financial condition. D.I. 166. This argument lacks credibility. Whatever Defendants' true financial condition is, there is no reason they cannot communicate with their counsel from Colombia (or wherever they are located) and submit truthful and complete discovery responses revealing exactly what assets are available to satisfy the Judgment.

Defendants also cite no case law indicating that their JMOL motion must be resolved prior to post-judgment discovery. Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 69 discovery is appropriate, especially where, as here, there is a risk of concealment of assets. *See Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) (ordering defendant to comply with post-judgment deposition, noting "that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor"); *Hartford Fire Ins. Co. v. P & H Cattle Co.*, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009) (granting plaintiff's motion to compel post-judgment discovery, emphasizing that "[t]he broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor upon which execution may be made"). Regardless, to the extent this Court denies Defendants' JMOL motion, then Defendants will have no reason to delay responding to the Post-Judgment Discovery.

Finally, Defendants' counsel's suggestion that they do not represent Defendants in connection with the Post-Judgment Discovery because they "have no agreement with [their] clients to serve as counsel to a judgment-debtor in a collection proceeding" is contrary to law. D.I. 166; *see also*

Exhibit D at 5 ("So neither we nor Stam represent Soto Massini and/or Thomas concerning any collections proceedings."). Defendants' counsel have not moved to withdraw as counsel in this case. *See* D. Del. L.R. 83.7 (unless replacement counsel appears, "no appearance shall be withdrawn except by order on a motion . . ."). And the Post-Judgment Discovery is an extension of the current case. *See, e.g.*, *Res. Trust Corp. v. Kolea*, 1996 WL 89376, at \*1 (E.D. Pa. Feb. 27, 1996) (holding that district court retains jurisdiction to compel responses to post-judgment discovery even after appeal is filed). Even if Defendants' counsel were permitted to withdraw, Soto Massini (USA) Corp. cannot proceed *pro se*. *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (a corporation must be represented by an attorney). As such, Soto Massini (USA) Corp. would be in default, mooting the pending JMOL at least as to that Defendant.

Defendants' refusal to provide complete and timely responses to the Post-Judgment Discovery jeopardizes Gavrieli's ability to obtain satisfaction of the Judgment. Thus, Defendants should be ordered to promptly provide complete answers to the interrogatories, produce documents responsive to the requests for production, and produce Mr. Pichler for the noticed deposition to safeguard Gavrieli's ability to collect on the Judgment. Defendants' written responses should include, but not be limited to, identification of all of Defendants' bank accounts, stock holdings, business ownership interests, real estate, and other assets.[1]

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

cc: All Counsel of Record (via CM/ECF)

---

[1] Given that Defendants failed to timely respond to the Post Judgement Discovery, all objections Defendants could have lodged have now been waived. *See U.S. Bank Nat'l Ass'n v. Gunn*, 2012 WL 6137326, at \*3 (D. Del. Dec. 10, 2012) ("[B]ecause Defendant did not timely respond to the interrogatories, all objections are waived and he is required to answer the interrogatories.").