## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GAVRIELI BRANDS LLC, a California
Limited Liability Company,

        Plaintiff,

      v.

SOTO MASSINI (USA) CORP., a Delaware
corporation; and THOMAS PICHLER, an
individual,

        Defendant.

Civil Action No. 18-462-MN

## DECLARATION OF MICHAEL J. LYONS IN SUPPORT OF
## PLAINTIFF GAVRIELI BRANDS LLC'S ACCOUNTING OF ATTORNEYS' FEES

I, Michael J. Lyons, declare as follows:

1.      I am an attorney at the law firm of Morgan, Lewis & Bockius LLP and counsel for

Plaintiff Gavrieli Brands LLC, on whose behalf I have appeared in the above-captioned matter.

2.      I submit this declaration in support of Gavrieli's Accounting of Attorneys' Fees.  I

have personal knowledge of the facts stated in this declaration and, if called as a witness, could

and would testify competently to them.

### ATTORNEYS' FEES

3.      Pursuant to the Court's March 24, 2020 Order (D.I. 175) and on behalf of Gavrieli,

I am providing below "an accounting of its attorneys' fees for the specific events set forth in the

Memorandum Opinion."  In particular, the Memorandum Opinion authorizes Gavrieli to "recover

its reasonable attorneys' fees incurred in connection with the following: Plaintiff's motions to

dismiss Defendants' counterclaims, Plaintiff's motion in limine to preclude prior art not fairly

disclosed, Plaintiff's supplementation of the Final Pretrial Order in response to Defendants'

untimely disclosures, and any preparation Plaintiff may have undertaken during trial in connection

with Defendants' withdrawn request for Markman proceedings," D.I. 174 at 27 (internal citations omitted)—collectively referred to herein as the "Specific Events."

4.      To demonstrate the reasonableness of the attorneys' fees accrued in connection with the Specific Events, I have also briefly described the relevant qualifications and experience of the attorneys who worked on the Specific Events set forth in the Memorandum, and a statement of the customary charges for each such person, and provided other indications of value for such services.

5.      Morgan Lewis attorneys and other billing personnel are required to record their daily time, together with a description of daily work performed, and enter or cause to be entered these amounts and descriptions into a software database maintained by Morgan Lewis' accounting department.  These procedures were followed for the work Morgan Lewis performed in this matter for Gavrieli.

6.      Although various Morgan Lewis personnel have worked on this matter since the suit's inception, the work performed in connection with the Specific Events were performed by the following individuals:

7.      I, **Michael J. Lyons**, billed 2.5 hours of work performed for the Specific Events, at an hourly rate of $925.00 per hour (2018) and $950.00 per hour (2019).  I have represented Gavrieli in this dispute since the inception of this action.  I served as lead trial counsel on the case, with primary responsibility, direct and supervisory, for day-to-day operations, overall case strategy, damages analysis, final editing and reviews of briefs, memorandum, and other filings, and appearing for and participating in live hearings, mediation and settlement discussions.  My Morgan Lewis attorney biography is attached as Exhibit A-1.

8.      **Ehsun Forghany** billed 78.4 hours for work performed for the Specific Events, at an hourly rate of $505.00 per hour (2018) and $560.00 per hour (2019).  Mr. Forghany has represented Gavrieli in this dispute since the inception of this action.  Mr. Forghany served as Lead Associate on the case and was primarily responsible for all facets of the litigation, including drafting and editing briefs, memorandum, and other filings, participating in mediation and settlement discussions, and appearing for and participating in live hearings.  The Morgan Lewis attorney biography for Mr. Forghany is attached as Exhibit A-2.

9.      **Ahren Hsu-Hoffman** billed 29.7 hours for work performed for the Specific Events, at an hourly rate of $725.00 per hour (2018) and $750.00 per hour (2019).  Mr. Hsu-Hoffman served as Of Counsel on the case and was responsible for all facets of the litigation, including direct and supervisory work, for day-to-day operations, drafting and editing briefs, memorandum, and other filings, and appearing for and participating in live hearings.  The Morgan Lewis attorney biography for Mr. Hsu-Hoffman is attached as Exhibit A-3.

10.     **Amy M. Dudash** billed 7.3 hours for work performed for the Specific Events, at an hourly rate of $625.00 per hour (2018) and $685.00 per hour (2019).  Ms. Dudash has represented Gavrieli in this dispute since the inception of this action.  Ms. Dudash served as Delaware Counsel on the case and was responsible for all facets of the litigation, including direct and supervisory, for day-to-day operations, drafting and editing briefs, memorandum, and other filings, and appearing for and participating in live hearings.  The Morgan Lewis attorney biography for Ms. Dudash is attached as Exhibit A-4.

11.     **Marinna C. Radloff** billed 10.9 hours for work performed for the Specific Events, at an hourly rate of $425.00 per hour (2019).  Ms. Radloff served as an Associate on the case with responsibility for all facets of the litigation, including drafting and editing briefs, memorandum,

and other filings, participating in mediation and settlement discussions, and dispositive motion briefing.  The Morgan Lewis attorney biography for Ms. Radloff is attached as Exhibit A-5.

12.     **Thomas Y. Nolan** billed 10.6 hours for work performed for the Specific Events, at an hourly rate of $445.00 per hour (2018).  Mr. Nolan served as an Associate on the case with responsibility for drafting and editing briefs, memorandum, and providing legal research and analysis. The Morgan Lewis attorney biography for Mr. Nolan is attached as Exhibit A-6.

13.     **Austin L. Zuck** billed 4.1 hours for work performed for the Specific Events, at an hourly rate of $415.00 per hour (2018).  Mr. Zuck served as an Associate on the case with responsibility for drafting and editing briefs, memorandum, and providing legal research and analysis. The Morgan Lewis attorney biography for Mr. Zuck is attached as Exhibit A-7.

14.     The dollar value of the time billed to Gavrieli by Morgan Lewis timekeepers for work performed in connection with the Specific Events is summarized in the table below.

| Timekeeper | Position | Hours | $ Value |
| --- | --- | --- | --- |
| Michael J. Lyons | Partner | 2.50 | $2,337.50 |
| Ehsun Forghany | Associate | 78.40 | $40,406.50 |
| Ahren Hsu-Hoffman | Counsel | 29.70 | $21,556.50 |
| Amy M. Dudash | Associate | 7.30 | $4,958.00 |
| Marinna C. Radloff | Associate | 10.90 | $4,632.00 |
| Thomas Y. Nolan | Associate | 10.60 | $4,717.00 |
| Austin L. Zuck | Associate | 4.10 | $1,701.50 |
| **TOTAL** | | **143.50** | **$80,309.00** |

15.     I reviewed all invoices before they were sent to Gavrieli to assure that the time charged accurately reflected the work performed, that the time expended was reasonable given

the tasks undertaken, and that the work had been performed by persons with the appropriate level of skill and experience.

16.     Gavrieli receives a discount on the hourly rates of Morgan Lewis attorneys.  The amounts listed above for Morgan Lewis attorneys reflect the discounted rate for Gavrieli.  In addition, Gavrieli is not charged for certain administrative tasks or expenses.  The fees described above do not include the time spent on this matter by Morgan Lewis secretaries, assistants, or librarians.

## TOTAL AMOUNT OF ATTORNEYS' FEES

17.     As detailed in the invoices attached as Exhibit B, the total amount of attorneys' fees charged to Gavrieli in connection with the Specific Events is **$80,309.00**.

## THE ACCOUNTING IS CONSERVATIVE AND THE FEES ARE REASONABLE

18.     This accounting only includes those invoices with time entries submitted by Morgan Lewis attorneys that explicitly describe their work as being for the Specific Events.  For example, while the Court awarded Gavrieli its attorneys' fees in connection with Defendants' withdrawn request for *Markman* proceedings, the accounting does not include these fees because the time entries did not explicitly describe the work as work performed in preparation for the withdrawn *Markman* proceeding.  In many instances, a time entry reflected work directed both to the Specific Events and to other matters.  If the entry was not primarily directed to a Specific Event, it was excluded from this request.  For this reason, I know that some work directed to the Specific Events has not be included in this accounting.  In those instances where a time entry described work that was primarily, but not exclusively, directed to the Specific Events, the attorney who performed the work provided a good-faith estimate of the time spent on the Specific

Events and provided this information to me.  Using this conservative methodology, I am confident that the accounting provided in this declaration does not exceed the actual attorneys' fee incurred by Gavrieli in connection with the Specific Events.

19.     Through my practice and experience, I am familiar with the normal and customary fees charged for legal services for patent cases litigated in federal district courts such as the District of Delaware considering the time expended, the amount in controversy, the complexity of the case, the experience, reputation, ability, and billing rates of the attorneys and staff involved, and the expertise required.  I am also aware of opinions issued by the United States District Court for the District of Delaware, the United States Court of Appeals for the Federal Circuit, and other state courts governing the award of fees in cases such as this.  I am knowledgeable of the fees and work required to litigate an intellectual property matter such as the present case.

20.     In my opinion, the fees submitted herein were reasonable and necessarily incurred in connection with the Specific Events.  I believe that the total amount of fees is reasonable for a case of this nature considering all of the legal issues raised and the briefing required to address the Specific Events.  The fees and related expenses are also appropriate for the skill level of the attorneys and support personnel involved, the complexity of the case, and the normal and customary fees charged for patent litigation in district courts such as the District of Delaware.  In my opinion, the fees and related expenses accrued while pursuing this case are reasonable in light of the typical national rates and fees incurred in pursuing patent litigation cases such as the present case.

## EXHIBITS

21.     Attached as **Exhibit A** is a true and correct copy of the biographies of the Morgan Lewis attorneys who billed for work performed in connection with the Specific Events.

22.      Attached as **Exhibit B** is a true and correct copy of the Morgan Lewis invoices showing the attorneys' fees paid by Gavrieli in connection with the Specific Events.  For those time entries that were primarily, but not exclusively, directed to the Specific Events, the good-faith estimate of the time spent on the Specific Events has been annotated in red directly below each such entry.  All other attorneys' fees accrued by Gavrieli were redacted from these invoices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 7th day of April, 2020.

_____
MICHAEL J. LYONS