IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company, )<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | C.A. No. 18-462 (MN) |
| ) | |
| SOTO MASSINI (USA) CORP., a Delaware Corporation, and THOMAS PICHLER, an individual, )<br>)<br>)<br>) | |
| Defendants. ) | |

## ORDER

At Wilmington this 13th day of May 2020:

The Court previously denied the renewed motion of Defendants Soto Massini (USA) Corporation ("Soto USA") and Thomas Pichler (collectively, "Defendants") for judgment as a matter of law or, in the alternative, for a new trial and granted-in-part and denied-in-part the motion of Plaintiff Gavrieli Brands LLC ("Plaintiff" or "Gavrieli") for a permanent injunction, attorneys' fees, enhanced damages and pre- and post-judgment interest. (*See* D.I. 174 & 175). The parties were ordered to submit a joint proposed amended judgment consistent with the Court's Memorandum Opinion (*see* D.I. 175 at 2), and Plaintiff was ordered to submit an accounting of attorneys' fees in connection with specific events identified in the Memorandum Opinion (*id.*). Presently before the Court is Plaintiff's submission regarding attorneys' fees (D.I. 177), as well as a proposed judgment consistent with the Court's Memorandum Opinion (D.I. 181). For the reasons set forth below, the Court finds that Plaintiff's requested attorneys' fees are reasonable and the proposed amended judgment will be entered.

As to attorneys' fees, the Court previously found the present case to be exceptional within the meaning of the Lanham Act given the unreasonable manner in which Defendants litigated the

case, and Plaintiff was awarded attorneys' fees in connection with the following specific events: "Plaintiff's motions to dismiss Defendants' counterclaims (D.I. 34, 89), Plaintiff's motion *in limine* to preclude prior art not fairly disclosed (*see, e.g.*, D.I. 119, Ex. 12 at pgs. 12-15), Plaintiff's supplementation of the Final Pretrial Order in response to Defendants' untimely disclosures (D.I. 118) and any preparation Plaintiff may have undertaken during trial in connection with Defendants' withdrawn request for *Markman* proceedings." (D.I. 174 at 27). Plaintiff submitted a declaration from its lead trial counsel, Michael J. Lyons, with an accounting of Plaintiff's attorneys' fees for the aforementioned events and including breakdown of hours spent and hourly rates charged by each attorney. (*See* D.I. 177). In support of the amount of time billed and fees requested, the declaration also includes invoices sent to Plaintiff with narratives for the work performed by each attorney. (*See* D.I. 177, Ex. B). In total, Plaintiff's attorneys spent 143.5 hours working on these specific events, amounting to $80,309 in requested attorneys' fees. (*Id.* at 4).

In determining a reasonable amount of attorneys' fees, courts generally use the "lodestar" approach, which multiplies the number of hours reasonably spent by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *see also Bywaters v. United States*, 670 F.3d 1221, 1228-29 (Fed. Cir. 2012). In reviewing the reasonableness of requested attorneys' fees, a court should also "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Windall*, 51 F.3d at 1188 (internal quotation marks omitted); *see also Hensley*, 461 U.S. at 433. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Defendants have not challenged the reasonableness of the hours spent or hourly rates provided by Plaintiff. The Court has also reviewed the hours and rates and finds them to be reasonable, and the work performed was related to the specific litigation events identified in the Court's Memorandum Opinion. Indeed, the narratives on the submitted invoices reference the analysis of Defendants' counterclaims, legal research and drafting related to the motions to dismiss, drafting of motions *in limine* and other limited pretrial submissions, etc. (*See, e.g.*, D.I. 177, Ex. B-1 at pgs. 7-12; Ex. B-6 at pgs. 8-9). To the extent there were entries that concern work related to these specific events in addition to others (*i.e.*, where fees are not recoverable), Plaintiff's counsel represents that he has excluded entries where the work performed was not primarily directed to the specific events identified in the Court's Opinion. (*See* D.I. 177 ¶ 18). Moreover, for any entries where other work was performed, Plaintiff's counsel has conferred with each billing attorney and reduced the hours billed to a "good-faith estimate" of the time spent on the specific event where fees are recoverable. (*Id.*). The Court finds no reason to doubt Plaintiff's counsel's representations, and the Court finds that the hours expended were reasonable and would not have been incurred but for Defendants' unreasonable litigation tactics. Therefore, in exercising its discretion, the Court awards Plaintiff $80,309 in attorneys' fees, which are reasonable attorneys' fees incurred as a result of the unreasonable manner in which Defendants litigated this case.[1]

Finally, as to the amended judgment, the Court directed the parties to meet and confer and file a joint submission or provide competing proposals if the parties could not reach agreement on the scope of the injunctive relief. (*See* D.I. 175 at 2; *see also* D.I. 174 at 18-19). Plaintiff filed the

---

[1] To be clear, the Court finds that the amount requested (and calculated using the lodestar approach) is reasonable in light of the totality of the circumstances and that neither reduction nor enhancement is appropriate in this case.

proposed judgment, noting that Defendants "found no form issues in the revision." (D.I. 181 at 1). Defendants did not submit their own proposal, nor did Defendants object to Plaintiff's proposed amended judgment. Therefore, the Court considers the proposed amended judgment to be a joint proposal and it will be entered.

                                                      _____
                                                      The Honorable Maryellen Noreika
                                                      United States District Judge