## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company, | |
| Plaintiff, | |
| v. | C.A. No. 18-462-MN |
| SOTO MASSINI (USA) CORPORATION, a Delaware corporation; and THOMAS PICHLER, an individual, | |
| Defendants. | |

### AMENDED JUDGMENT

This Amended Judgment supersedes and replaces the Judgment entered on May 13, 2019 (D.I. 149).

By its verdict, the jury found Defendants Soto Massini (USA) Corporation and Thomas Pichler (collectively, "Defendants") liable for infringement of U.S. Design Patent Nos. D781,035, D781,032, D781,034, and D681,927 (collectively, the "Asserted Patents") owned by Plaintiff Gavrieli Brands LLC ("Tieks"). The jury further found that Defendants' infringement of the Asserted Patents was willful and that the Asserted Patents are not invalid. The jury further found Defendants liable for infringement of Tieks's trade dress consisting of a blue outsole on footwear (the "Asserted Trade Dress") and that Defendants' infringement of the Asserted Trade Dress was intentional. The jury further found Defendants liable for false advertising and that Defendants' engagement in false advertising was intentional. The jury further found Defendants liable for unfair competition and that Defendants were unjustly enriched.

For damages, the jury found that Tieks was entitled to receive the profits earned by Defendants in the amount of $880,658 as compensation for patent infringement and as partial compensation for trade dress infringement, false advertising, or unfair competition. The jury

1

further found that Tieks was entitled to receive $1,282,000 as compensation for loss of goodwill caused by Defendants' trade dress infringement, false advertising, or unfair competition, and that Tieks was also entitled to receive $790,000 as compensation for corrective advertising required to correct any public confusion caused by Defendants' trade dress infringement, false advertising, or unfair competition.

It is therefore **ORDERED** and **ADJUDGED** as follows:

1.      Defendants infringed each of the Asserted Patents.

2.      Defendants' infringement of the Asserted Patents was willful.

3.      The Asserted Patents are not invalid.

4.      Defendants infringed the Asserted Trade Dress.

5.      Defendants' infringement of the Asserted Trade Dress was intentional.

6.      Defendants engaged in false advertising.

7.      Defendants' engagement in false advertising was intentional.

8.      Defendants are liable for unfair competition.

9.      Defendants were unjustly enriched.

10.     Tieks is hereby awarded compensatory damages against Defendants in the amount of $2,952,658, comprised of the jury awards of (i) $880,658 in profits earned by Defendants as a result of their patent infringement or trade dress infringement, false advertising, or unfair competition or as compensation for Defendants' unjust enrichment; (ii) $1,282,000 as compensation for loss of goodwill caused by Defendants' trade dress infringement, false advertising, or unfair competition; and (iii) $790,000 as compensation for corrective advertising required to correct any public confusion caused by Defendants' trade dress infringement, false advertising, or unfair competition.  Defendant Soto Massini (USA) Corporation and Defendant

Thomas Pichler are jointly and severally liable for these damages and any other amounts awarded by this Judgment.

11.    Tieks is the prevailing party.

12.    Soto Massini (USA) Corp. and Thomas Pichler, and any of their officers, directors, agents, servants, employees, attorneys, subsidiaries, successors in interests, aiders and abettors, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d) from infringing, contributing to the infringement, or inducing infringement of any of Gavrieli's Asserted Patents, including by making, using, offering to sell, selling within the United States, or importing into the United States any of the Infringing Products or any other product not more than colorably different therefrom with respect to the Asserted Patents or with a feature or features not more than colorably different from any of the infringing feature or features in any of the Infringing Products.

13.    Soto Massini (USA) Corp. and Thomas Pichler, and any of their officers, directors, agents, servants, employees, attorneys, subsidiaries, successors in interests, aiders and abettors, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to Fed. R. Civ. P. 65(d) from infringing, contributing to the infringement, or inducing infringement of Gavrieli's Trade Dress, including by making, advertising, selling, or offering to sell, both within and outside of the United States, or importing into the United States any of the Infringing Products with a blue outsole.

14.    Soto Massini (USA) Corp. and Thomas Pichler are required to immediately surrender to Gavrieli's counsel for destruction all existing inventory of the Infringing Products,

any unassembled outsoles of the Infringing Products, and any mold or other device used to create the outsoles of the Infringing Products.

15.     Soto Massini (USA) Corp. and Thomas Pichler are required to immediately surrender to Gavrieli's counsel for destruction all existing printed marketing materials depicting or referencing the Infringing Products, including, but not limited to, all care cards and any other packaging materials containing photographs of the Infringing Products.

16.     Soto Massini (USA) Corp. and Thomas Pichler are required to immediately take all actions necessary to take down and permanently remove from public view any electronic marketing materials depicting or referencing the Infringing Products from all websites, social media accounts, and any other online platforms, including, but not limited to, Defendants' Facebook, Instagram, YouTube, Vimeo, Pinterest, Kickstarter, Indiegogo, and Shopify accounts.

17.     Soto Massini (USA) Corp. and Thomas Pichler are required to e-mail to all former and current Soto Massini customers a corrective notice expressly stating that they unfairly copied Gavrieli's patented designs and trade dress and falsely advertised the Infringing Products.

18.     Soto Massini (USA) Corp. and Thomas Pichler are required to publish, for the duration of one year from the date of this Order, the above-mentioned notice on all of Defendants' websites, social media accounts, and any other online platforms, including, but not limited to, Defendants' Facebook, Instagram, YouTube, Vimeo, Pinterest, Kickstarter, Indiegogo, and Shopify accounts.

19.     In the exercise of the Court's discretion, the Court finds this case to be exceptional and awards to Gavrieli its reasonable attorneys' fees and costs associated with the specific events set forth in the Memorandum Opinion (D.I. 174), in the amount of $80,309.00.

20.     In the exercise of the Court's discretion, the Court awards Gavrieli pre-judgment interest utilizing the prime rate, compounded quarterly, in the amount of $196,414.

21.     Pursuant to 28 U.S.C. § 1961, the Court awards Gavrieli post-judgment interest accruing at $203.61 per day.

**SO ORDERED** this 13th day of May, 2020.

The Honorable Maryellen Noreika
United States District Judge