# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SOTO MASSINI (USA) CORP., a Delaware corporation; and THOMAS PICHLER, an individual,<br><br>Defendants. | Case No. 18-cv-00462-MN |

## PLAINTIFF GAVRIELI BRANDS LLC'S OPPOSITION TO DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW

John V. Gorman (DE Bar No. 6599)
Amy M. Dudash (DE Bar No. 5741)
**MORGAN, LEWIS & BOCKIUS LLP**
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
john.gorman@morganlewis.com
amy.dudash@morganlewis.com

Michael J. Lyons (admitted *pro hac vice*)
Ahren C. Hsu-Hoffman (admitted *pro hac vice*)
Ehsun Forghany (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: 1.650.843.4000
michael.lyons@morganlewis.com
ehsun.forghany@morganlewis.com

*Attorneys for Plaintiff Gavrieli Brands, LLC*

Dated: December 4, 2020

Defendants' counsel seeks to withdraw from this case even though no new counsel has appeared. Granting counsel's motion would leave Defendants without any representation for post-judgment discovery. Defendants' counsel should not be allowed to withdraw from this case because it would prejudice Plaintiff Gavrieli Brands LLC ("Gavrieli") and would undermine the Court's ability to manage this case. Defendants' counsel request is also not improper because they specifically asked this Court to stay post-judgment discovery until this very stage, *i.e.*, after post-judgment motions were decided. D.I. 168. Their withdrawal would prejudice Gavrieli and hinder the efficient administration of this case because it would leave Defendants without any counsel to provide advice and assistance with responding to this critical discovery. Defendants' counsel have not shown they are unable to work with their clients and meaningfully participate in this case—rather, according to the U.S. Patent and Trademark Office, Stephen Lobbin is currently counsel of record for a patent application being prosecuted on behalf of Defendant Thomas Pichler. Gavrieli respectfully asks this Court to maintain the status quo by denying the motion to withdraw.

I.   BACKGROUND

On May 3, 2019, this Court entered Judgment against Defendants Soto Massini (USA) Corporation ("SM USA") and Thomas Pichler, in his individual capacity, in the amount of $2,952,658. D.I. 149. After the Judgment had been entered, both parties filed post-trial motions seeking additional relief. D.I. 152, 155. While those post-trial motions were pending, pursuant to Federal Rule of Civil Procedure 69(a)(2), Gavrieli served post-judgment discovery requests on August 9, 2019, including requests for production and interrogatories, seeking information from Defendants regarding SM USA and Mr. Pichler's assets to aid with enforcing the Court's Judgment. *See* D.I. 162, 163. Gavrieli sought this discovery because judgment had been entered

and it was concerned that the Defendants would remove or hide assets that could be used to satisfy the judgment.  Rather than respond, Defendants sought to postpone post-judgment discovery until the Court ruled on the then-pending post-trial motions.  D.I. 166.  The Court granted this request on October 2, 2019, directing that "discovery in this case is STAYED until post-trial motions are decided."  D.I. 168.  On March 24, 2020, the Court decided those motions, and entered an Amended Judgment on May 13, 2020.  D.I 175, 185.

The deadline for Defendants to file a notice of appeal of that the Amended Judgment has now passed and Defendants have not taken any action.  From the outset of the case to the present day, Defendants' counsel has remained counsel of record for Defendants in this action.  In light of the Court's continued jurisdiction over the case, and the continued need for discovery from Defendants in aid of the execution of the Amended Judgment, on October 23, 2020 Gavrieli again served Defendants with post-judgment discovery requests seeking information regarding SM USA and Mr. Pichler's assets.  D.I. 186.  Rather than simply respond to the focused post-judgment discovery, Defendants' counsel moved on November 20, 2020 to withdraw from representation in this case.  D.I. 188.

## II.   THE MOTION TO WITHDRAW SHOULD BE DENIED

Allowing Defendants' counsel to withdraw from this case while Gavrieli still seeks post-judgment discovery would frustrate the administration of the limited matters remaining to be resolved.  Unless counsel establishes that its continued representation "serves no meaningful purpose," this Court has "wide discretion to consider a variety of interests in deciding motions to withdraw on a case-by-case basis."  *See TotalFacility, Inc. v. Dabek*, 2016 WL 7450465, at *2 (E.D. Pa. Dec. 28, 2016) (citing *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014)).  In this case, there is still a need for meaningful participation by Defendants'

counsel, as the required post-judgment discovery is merely an extension of the current case. *See, e.g.*, *Res. Trust Corp. v. Kolea*, 1996 WL 89376, at *1 (E.D. Pa. Feb. 27, 1996). In cases like this, where limited post-judgment proceedings are required, withdrawal should be denied where necessary to fairly balance the moving counsel's "concerns with the court's need for effective communication and efficient administration" at the tail end of the proceedings. *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir. 1986).

Rule 69 provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rule or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 69 discovery is required here for Gavrieli to be able to identify the full-range of assets that are subject to execution. *See Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) (ordering defendant to comply with post-judgment discovery, noting "that the judgment creditor must be given the freedom to make a broad inquiry to discovery hidden or concealed assets of the judgment debtor"); *Hartford Fire Ins. Co. v. P & H Cattle Co.*, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009) (granting motion to compel post-judgment discovery, emphasizing that "[t]he broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor upon which execution may be made"). Under the Federal Rules and the local Delaware rules, service of request for such discovery on counsel of record is proper and effective. *See* Fed. R. Civ. P. 69(a)(2); Fed. R. Civ. P. 5(b)(1); *see also* Del. Super. Ct. Civ. R. 5(b); Del. L. R. 83.7.

Gavrieli served Defendants' counsel with post-judgment discovery requests with the expectation that this discovery is necessary in this case to identify assets subject to execution of the Amended Judgment. Defendants' counsel has meaningful work to do in fairly and efficiently

administering these remaining post-judgment matters. Defendants need counsel to advise them of their obligations and to assist them in providing responses and documents, and to resolve any discovery-related disputes. This work managing routine discovery under the federal rules will greatly benefit the parties and Court and should not require significant undertakings by or impose undue burden on Defendants' counsel. In contrast, the prejudice to Gavrieli will be great if Defendants' counsel are not involved in managing the discovery process. *See TotalFacility, Inc.*, WL 2016 7450465, at *2 ("courts should balance 'the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and prejudice to other parties'") (quoting *Buschmeier v. G&G Investments, Inc.*, 222 Fed. App'x 160, 164 (3d Cir. 2007)).

Withdrawal should also be denied because SM USA cannot proceed *pro se*. *See Simbraw, Inc. v. United States*, 367 F.2d 373 (3d. Cir. 1966) (a corporation must be represented by an attorney). As such, SM USA would be without any way to proceed in this case, putting Defendants in default and depriving Gavrieli of the discovery it needs to execute the Amended Judgment.

Defendants' counsel have not offered sufficient grounds for withdrawal that would justify abandoning Defendants without any counsel of record. Defendants' counsel states that they "have had no relationship—much less any attorney-client relationship—with Defendants" for "more than a year." D.I. 188 at 2; D.I. 188-1 at ¶ 3 (S. Lobbin Declaration making the same representation). But that is not correct. Not only are Defendants' counsel still the attorneys-of-record in this matter, Mr. Lobbin's SML Avvocati P.C. firm also remains the attorney of record in Mr. Pichler's pending U.S. Patent Application No. 16/393,917, and it has made no effort to withdraw from representation in that pending matter. *See* Exhibit A.

Defendants' counsel's motion also incorrectly suggests that they are not able to communicate and work with Mr. Pichler. *See* D.I. 188 at 3 (asserting Mr. Pichler "has not communicated with them for over a year"). Yet Mr. Pichler's pending U.S. Patent Application No. 16/393,917 lists an address in Miami, Florida as Mr. Pichler's residence, and Defendants' counsel acknowledges it is fully capable of communicating with Mr. Pichler. *See* Exhibit B; D.I. 188-1 at ¶ 2 (S. Lobbin Declaration stating that "I sent all papers related to the present Motion to Defendants' last known address by certified mail"). Indeed, out of an abundance of caution after Defendants' counsel asserted discovery could not be served on them, Gavrieli has personally served Mr. Pichler at that address through his co-resident at the Miami address on November 13, 2020. *See* Exhibit C (notice of service). As confirmed by the process server's affidavit, Mr. Pichler resides and is reachable at that address. Given that Defendants' counsel is capable of communicating with Mr. Pichler, and has done so as recently as last month, it is not unduly burdensome to require Defendants' counsel to continue their representation of Mr. Pichler and SM USA.

### III. <u>CONCLUSION</u>

Gavrieli respectfully requests that the Court deny Defendants' motion.

| | |
|---|---|
| Dated: December 4, 2020 | Respectfully submitted,<br><br>MORAN, LEWIS & BOCKIUS LLP<br><br>*/s/John V. Gorman*<br>John V. Gorman (DE Bar No. 6599)<br>Amy M. Dudash (DE Bar No. 5741)<br>1201 N. Market Street, Suite 2201<br>Wilmington, Delaware 19801<br>Telephone: 302.574.3000<br>Fax: 302.574.3001<br>john.gorman@morganlewis.com<br>amy.dudash@morganlewis.com<br><br>*Attorneys for Plaintiff Gavrieli Brands LLC* |