IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAVRIELI BRANDS LLC, a California Limited Liability Company,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>SOTO MASSINI (USA) CORPORATION, a Delaware corporation; SOTO MASSINI S.R.L.S., an Italian limited company; and THOMAS PICHLER, an individual,<br><br>　　　Defendants. | C.A. No. 1:18-cv-00462-MN |

**REPLY IN SUPPORT OF MOTION TO WITHDRAW**

　　　None of Plaintiff's arguments support forcing Defendants' former counsel to continue to represent a client is a closed case without any hope of payment.

　　　First, Plaintiff argues that allowing the withdrawal would prejudice Plaintiff and "would undermine the Court's ability to manage this case."  But there is no case.  This action ended with this Court's final judgment many months ago.  The attorney-client relationship between the undersigned counsel and the Defendants ended over a year ago.  There is no authority or justification for requiring the undersigned counsel to continue "representing" Defendants who are non-paying, uncommunicative, former clients.  To the contrary, the guiding authority requires that "when the law firm serves no meaningful purpose, it is *entitled* to withdraw."  *Ohntrup v. Kurumu*, 760 F.3d 290, 295 (3d Cir.

2014) (emphasis in original).  As the Third Circuit made clear in a similar circumstance involving the same Morgan Lewis firm, "By now, it is clear that ***the Firm is merely a captive, uncompensated process server*** and that Ohntrup's efforts to communicate with [judgment debtor] through the Firm are futile."  *Id.* (emphasis added).

Second, Plaintiff misrepresents that counsel "currently" represents Defendants "for a patent application being prosecuted on behalf of Defendant Thomas Pichler."  This is inaccurate.  Plaintiff fails to show this Court the docket for that patent application (see Exhibit 1 herewith), which evidences that counsel merely filed an application on April 24, 2019, which was before the jury trial in this action.  Counsel has done, and will do, nothing further on that application because counsel (a) has not been paid, and (b) cannot communicate with Defendants.  If it becomes necessary (as is the case here), the undersigned counsel would formally "withdraw" its prior appearance before the Patent Office.

Third, although the corporate Defendant may not be able to proceed *pro se*, Defendant Thomas Pichler may proceed, and he would be in the position to respond to all post-judgment discovery sought by Plaintiff.  Plaintiff again misrepresents, however, that "counsel acknowledges it is fully capable of communicating with Mr. Pichler."  Obviously, simply mailing an envelope to a last-known address is not "communicating" to the degree required to receive substantive feedback needed to respond meaningfully to post-judgment written discovery requests.  Plaintiff's Exhibit C also fails to "confirm" that "Mr. Pichler resides and is reachable at that [Miami] address;" that document

confirms only that a person (not Mr. Pichler or someone related to him) was served at the same address.

The undersigned counsel respectfully requests that this Court enter an order confirming the formal withdrawal of the undersigned counsel from this action.

                                                  Respectfully submitted,

Dated: December 8, 2020                **STAMOULIS & WEINBLATT LLC**

OF COUNSEL:                             */s/ Stamatios Stamoulis*
                                                  Stamatios Stamoulis (#4606)
Stephen M. Lobbin                    800 N. West Street, Third Floor
Austin J. Richardson                Wilmington, DE 19801
**SML AVVOCATI P.C.**             302.999.1540
888 Prospect Street, Suite 200     stamoulis@swdelaw.com
San Diego, CA 92037
sml@smlavvocati.com
ajr@smlavvocati.com

# CERTIFICATE OF SERVICE

I certify that on December 8, 2020, a true and correct copy of the foregoing document was served via email on all counsel of record.

                                                            /s/ Stephen M. Lobbin